UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DANIEL JIMENEZ DE LOS SANTOS,** ) | Case No. _25-6155_____ |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | |
| ) | |
| **KRISTI NOEM,** Secretary ) | |
| of the U.S. Department of Homeland ) | **PETITION FOR WRIT OF HABEAS** |
| Security; **U.S. DEPARTMENT OF** ) | **CORPUS PURSUANT TO 28 U.S.C.** |
| **HOMELAND SECURITY; PAMELA** ) | **§ 2241** |
| **BONDI**, Attorney General of ) | |
| the United States; **JOHN D. TSOUKARIS,** ) | |
| Director of the Philadelphia Field Office of ) | |
| U.S. Immigration and Customs Enforcement; ) | |
| and Officer in Charge, Moshannon Valley ICE ) | |
| Processing Center in their official Capacities, ) | |
| ) | **ORAL ARGUMENT REQUESTED** |
| ) | |
| *Respondents.* ) | |
| ) | |

## INTRODUCTION

1.    Petitioner Daniel Jimenez has been incarcerated since October 7, 2025, over a month ago. Petitioner's detention became unconstitutional nine months ago after his wife, a U.S. Citizen, filed an I-130 Petition for Alien Relative and an I-485 Petition for Change of Status. Though both petitions are still pending, removal is not reasonably foreseeable due to the validity of Petitioner's marriage to a U.S. Citizen two years ago on October 27, 2023. Accordingly, to vindicate Petitioner's statutory and Constitutional rights and to put an end to his continued arbitrary detention, this Court should grant the instant petition for a writ of habeas corpus.

2.    Again, Petitioner's detention is not reasonably foreseeable because Petitioner has a strong likelihood of prevailing on his pending I-130 and I-485 petitions that were filed six

1

months ago based on the validity of his marriage, as shown in several past decisions of the Respondents. Absent an order from this Court, Petitioner will likely remain detained for many more months, if not years.

3.    Mr. Santos has no criminal record, has complied with every supervision requirement since his 2022 release, and is married to a U.S. citizen, who filed a pending Form I-130 (Petition for Alien Relative) on his behalf in October 21, 2023. Because his removal is not reasonably foreseeable while those family-based immigration petitions remain pending, his continued detention violates both 8 U.S.C. § 1231(a) and the Due Process Clause of the Fifth Amendment.

4.    Accordingly, Petitioner respectfully seeks a writ of habeas corpus ordering his immediate release from custody.

## JURISDICTION

5.    Petitioner was taken into custody at the Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania. He has been detained since on or about October 7, 2025. He has no criminal convictions.

6.    This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8.    Venue is proper because Petitioner was originally taken into custody at the

Federal Detention Center in Philadelphia, Pennsylvania, where he spent nearly a week before being transferred to the Moshannon Valley Immigration and Customs Enforcement ("ICE") Processing Center in Philipsburg, Pennsylvania, which is within the jurisdiction of the Middle District.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to her claims occurred in this district, and no real property is involved in this action.

## PARTIES

10.    Petitioner, a citizen of the Dominican Republic, who has been detained for over ten days. Petitioner was initially held at the Federal Detention Center in Philadelphia, Pennsylvania, but was transferred to the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. He remains within the custody and under the direct control of Respondents and their agents.

11.    Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency responsible for Petitioner's detention. Respondent Noem is empowered to carry out any administrative order against Petitioner and is a legal custodian of Petitioner.

12.    Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA. DHS oversees ICE and the detention of noncitizens. DHS is a legal custodian of Petitioner.

13.    Respondent Pamela Bondi is sued in her official capacity as the Attorney General

of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and oversees the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.

14.    Respondent John D. Tsoukaris is sued in his official capacity as the Director of the Philadelphia Field Office of U.S. Immigration and Customs Enforcement. Respondent Tsoukaris is a legal custodian of Petitioner and has authority to release him.

15.    Respondent is the Officer in Charge of Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania, and he has immediate physical custody of Petitioner pursuant to a contract with ICE to detain noncitizens and is a legal custodian of Petitioner.

## STATEMENT OF FACTS

16.    Petitioner Daniel Jimenez de los Santos is a 35-year-old citizen of the Dominican Republic. He entered the United States on September 9, 2022, was paroled and released.

17.    Following his initial release, Mr. Santos **fully complied with all terms since being in the United States**. From 2023 until his present day Mr. Santos was never accused of violating conditions, nor deemed a flight risk or danger to the community.

18.    On **October 7, 2025**, during a routine ICE check-in at the Philadelphia Field Office, officers instructed Mr. Santos reported to the third floor, and, without prior notice, hearing, or explanation, **abruptly revoked his parole and detained him**. He was initially transported to the **Federal Detention Center (FDC)** in Philadelphia, a facility designed for criminal incarceration, and later transferred to the **Moshannon Valley ICE Processing Center** in Philipsburg, Pennsylvania.

19.    ICE has provided counsel with no written explanation for the re-detention, no notice of transfer, and has not scheduled any bond or custody redetermination hearings as

4

required by 8 C.F.R. § 236.1(d) or *Jennings v. Rodriguez*, 583 U.S. 281 (2018). His detention has now exceeded ten days without any individualized finding of necessity. To date, ICE has issued no written decision explaining the basis for custody, no Notice to Appear before an Immigration Judge, and no notice of any bond hearing or custody review.

20.     Mr. Daniel Jimenez de los Santos is married to a U.S. citizen, Ms. Elibet Marie Jimenez whom he wed on October 27, 2023. Prior to his detention on October 7, 2025, they resided together in Philadelphia, Pennsylvania. On February 25, 2025, Ms. Elibet Marie Jimenez filed a Form I-130 Petition for Alien Relative, and Mr. Raudales concurrently filed a Form I-485 Application for Register Permanent Residence. Both petitions remain pending before USCIS, and their adjudication will determine his eligibility for lawful permanent residency. Because those applications are active and bona fide, his removal is not reasonably foreseeable.

21.     There is no indication that DHS has initiated removal proceedings before an Immigration Judge or intends to pursue removal while these family-based petitions are pending; his removal is not reasonably foreseeable. Petitioner has no criminal convictions, a stable home and marriage, and a strong record of compliance with immigration supervision. His re-detention, particularly at FDC Philadelphia among criminal detainees, caused him severe psychological distress and limited his access to family and counsel, violating the Fifth Amendment's prohibition on punitive civil detention.

**PROCEDURAL BACKGROUND**

22.     After entering the United States on September 9, 2022, Petitioner was briefly paroled and later released on parole.  Although DHS served him with a Notice to Appear, his removal case has not been adjudicated before an Immigration Judge, and no final order of removal has been entered.

5

23.    Since his release, Petitioner has resided in Philadelphia, Pennsylvania, and has complied fully with all ICE check-ins and requirements. On October 27, 2023, he married U.S. citizen Elibet Marie Jimenez, and on February 25, 2025, Ms. Jimenez filed a Form I-130 Petition for Alien Relatives on his behalf. That petition remains pending with USCIS and will determine his eligibility for lawful permanent residence.

24.    On October 7, 2025, during a routine check-in, ICE officers abruptly revoked his conditional parole and detained him without advance notice or explanation. He has not received a custody redetermination hearing under 8 C.F.R. § 236.1(d) or an individualized determination of flight risk or danger, as required by due-process principles and *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

25.    Because there is no active removal case, no final order, and no evidence that DHS intends or is able to effectuate removal, Petitioner's detention serves no statutory or legitimate purpose and has become arbitrary and unconstitutional under the Fifth Amendment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.    There is no statutory exhaustion requirement for habeas corpus challenges to immigration detention under § 2241; any exhaustion is prudential and should be excused here given the urgent liberty interests, the absence of a provided custody redetermination, and the fact that the BIA lacks jurisdiction over constitutional claims. See *Santos v. Lowe*, No. 1:18-cv-1553, 2020 WL 4530728, at 2* (M.D. Pa. Aug 2020) ("[T]he exhaustion requirement imposed by courts relating to habeas corpus petitions filed by immigration detainees is a prudential benchmark which is not compelled by status."); *Arango Marquez v. I.N.S.* 346 F.3d 892, 897 (9th Cir. 2003) (explaining that

6

there is no statutory requirement of exhaustive administrative remedies where a non-citizen challenges the lawfulness of his detention). The Supreme Court waived the need for administrative exhaustion for executive detainees, explaining that "[w]here a person is detained by executive order…the need for collateral review is most pressing….. In this context the need for habeas corpus is more urgent." *Boumediene v. Bush,* 553 U.S. 723, 783 (2008).

## LEGAL FRAMEWORK

27.    Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

### A.  § 1226(a) Governs Petitioner's Custody

28.    Petitioner is detained pending a decision on removability, not under a final order of removal. The applicable detention authority is 8 U.S.C. § 1226(a), which authorizes the arrest and detention of a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." It is the default pre-final-order detention provision and expressly allows release on bond after an individualized determination. *Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018).

29.    By contrast, § 1225(b) applies to individuals "seeking admission" at the border, not to those—like Petitioner—who have long resided in the interior of the United States. *Leng May Ma v. Barber,* 357 U.S. 185, 187 (1958).

30. While some recent Board decisions, such as *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), suggest that certain long-term parolees may be treated as applicants for admission, that reasoning does not extend to individuals like Petitioner, who has resided for years in the United States under ICE supervision and is pursuing lawful adjustment through a U.S.-citizen spouse.

31. Regulations implementing § 1226(a) provide for custody determinations by DHS and for bond redetermination hearings before an Immigration Judge. See 8 C.F.R. § 236.1(d)(1); 8 C.F.R. § 1236.1(d)(1).

32. Because no final order of removal exists, post-order detention under 8 U.S.C. § 1231(a) and the six-month framework from *Zadvydas v. Davis*, 533 U.S. 678 (2001), do not apply. Petitioner's detention falls within § 1226(a) and must comply with statutory and constitutional due-process requirements.

**B. Constitutional Due Process Requires Individualized, Non-Punitive Detention.**

33. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Due Process Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Supreme Court has repeatedly emphasized that immigration detention, although civil in nature, "is subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 693; *Demore*, 538 U.S. at 523.

34. This protection applies to *all persons within the United States*, regardless of immigration status. The Fifth Amendment "is not confined to the citizenry," *Mathews v. Diaz*, 426 U.S. 67, 77 (1976), and thus covers both removable and inadmissible noncitizens alike. See

8

*Zadvydas*, 533 U.S. at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious.").

35.    Civil detention by its nature must be narrowly tailored and justified. In the immigration context, the Supreme Court recognizes only **two permissible purposes** for such confinement: (1) preventing flight and (2) protecting the community from danger. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 528. When detention extends beyond what is necessary to serve either of those limited aims, it becomes **arbitrary, punitive, and constitutionally impermissible**. See *Jackson v. Indiana*, 406 U.S. 715, 738 (1972) ("[D]etention must bear [a] reasonable relation to the purpose for which the individual was committed.").

36.    Notably, although *Zadvydas* arose under the post-final-order framework of 8 U.S.C. § 1231(a), its reasoning reflects broader constitutional principles that apply equally to *pre-final-order detention* under § 1226(a). The Court's concern in *Zadvydas* was not limited to the length of detention, but to the absence of adequate procedural and substantive limits on the government's power to imprison. As the Court observed, due process demands "adequate procedural protections" to ensure that the government's justification for detention "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

37.    Here, those constitutional principles apply with full force. Petitioner has lived in the United States for several years, maintained a stable residence, and has no criminal record. He complied with all ICE supervision requirements and now has a pending family-based petition that, if approved, would allow him to lawfully adjust status. Under these circumstances, the government's interest in detaining him without individualized findings of necessity is minimal, while his interest in freedom from confinement is extraordinarily weighty.

9

38.    Indeed, the Supreme Court has cautioned that "preventive detention based on dangerousness" is permissible "only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 690–91. Yet no such finding has been made here. Nor is there any evidence that Petitioner presents a risk of flight; to the contrary, his consistent compliance with supervision and his strong family and community ties make that claim illogical. Therefore, continued confinement is not reasonably related to the only legitimate purposes recognized by law.

39.    Moreover, where removal is not imminent or reasonably foreseeable—because, for example, a pending adjustment application may render removal legally or practically impossible—the justification for detention weakens further. As *Zadvydas* explains, "by definition" the flight-risk rationale is "weak or nonexistent where removal seems a remote possibility." *Id*. at 690. Detaining such a person no longer "bears a reasonable relation to the purpose for which the individual was committed." *Id*. (quoting *Jackson*, 406 U.S. at 738).

40.    For these reasons, even if the specific six-month presumption in *Zadvydas* does not apply because this is pre-final-order detention, its underlying constitutional principles remain: civil immigration detention is constitutionally permissible only so long as it is necessary to serve a legitimate, non-punitive government interest, and it must be supported by individualized, evidence-based findings. Absent such findings, continued detention violates both the procedural and substantive guarantees of the Fifth Amendment's Due Process Clause.

**C. Procedural Due Process: *Mathews v. Eldridge* Balancing and the Third Circuit Standard**

41.    The Fifth Amendment's Due Process Clause not only protects liberty from arbitrary government confinement, but also guarantees that no deprivation of liberty occurs without adequate procedural safeguards. See *Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976). Under *Mathews*, courts weigh three factors to determine whether existing

10

procedures are constitutionally sufficient: (1) The private interest affected by the official action; (2) the risk of an erroneous deprivation under the procedures used, and the probable value of additional safeguards; and (3) the Government's interest, including the administrative burdens that additional procedures would entail. Applied here, each factor weighs in favor of requiring an **immediate individualized custody hearing** for Petitioner.

42.     (1) <u>The Private Interest in Freedom from Confinement Is Significant</u>. The private interest at stake—freedom from physical restraint—is one of the most fundamental protected by the Constitution. *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Supreme Court has long recognized that even brief periods of civil detention impose "serious burdens" on an individual's liberty, livelihood, and family life. *Addington v. Texas*, 441 U.S. 418, 425 (1979). Prolonged confinement separates families, deprives individuals of employment and community, and often inflicts severe psychological harm.

43.     For Petitioner, these harms are acute. He has lived peacefully in the United States for several years, married a U.S. citizen, and maintained full compliance with every ICE reporting requirement. His ongoing detention not only strips him of liberty but also deprives his U.S.-citizen spouse of emotional and financial stability. The private interest in freedom—and the corresponding hardship caused by unwarranted incarceration—is therefore at its constitutional peak.

44.     (2) <u>The Risk of Erroneous Deprivation Is High Absent Individualized Review</u>. Without a prompt custody hearing, the risk of erroneous deprivation is grave. The government's current procedures provide no mechanism for determining whether

11

detention is necessary in a particular case. As the Third Circuit has observed, "prolonged detention without an individualized hearing" creates a "serious constitutional problem." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232 (3d Cir. 2011).

45.     Because Petitioner has never been found to pose a danger or a flight risk, continued detention is presumptively erroneous. In *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020), the Third Circuit made clear that due process requires a bond hearing where the **Government bears the burden** to justify detention by **clear and convincing evidence** and where the adjudicator must consider **less restrictive alternatives**, such as supervision or electronic monitoring. These procedural protections are indispensable to prevent unwarranted incarceration.

46.     (3) The Government's Interest Does Not Outweigh the Need for Safeguards. The government's legitimate interests—ensuring attendance at proceedings and protecting the community—can be fully achieved through individualized hearings and conditional release mechanisms. Courts have repeatedly recognized that such hearings impose minimal administrative burden compared to the substantial deprivation of liberty at stake. See *Gayle v. Warden Monmouth Cty. Corr. Facility*, 12 F.4th 321, 331–33 (3d Cir. 2021).

47.     Individualized bond hearings are already standard practice under § 1226(a). Requiring one here would not expand the government's obligations but merely compel adherence to existing statutory and regulatory norms. Furthermore, unnecessary detention carries heavy fiscal and social costs—"separat[ing] families and remov[ing] breadwinners and caregivers from the community," *Hernandez-Lara v. Lyons*, 10 F.4th

12

19, 33 (1st Cir. 2021)—and therefore does not advance any legitimate governmental objective.

48.　(4) The Balance of Interests Requires an Immediate Hearing. Balancing these factors, the deprivation of liberty from continued confinement without individualized process cannot be justified. The private interest in freedom is immense, the risk of erroneous deprivation overwhelming, and the government's burden in providing a bond hearing negligible. Accordingly, due process requires that Petitioner receive an **immediate custody redetermination hearing** at which:

- The Government bears the burden of proving, **by clear and convincing evidence**, that Petitioner is either a danger to the community or a flight risk; and

- The Immigration Judge must consider **less-restrictive alternatives to detention**, including release on bond, supervision, or other conditions.

49.　Absent these safeguards, Petitioner's ongoing detention is unconstitutional under the Fifth Amendment's Due Process Clause.

50.　Petitioner's case is precisely what those precedents sought to prevent: a long-term resident with **no criminal history**, **compliance with ICE supervision**, and a **pending family-based path to lawful permanent residence**, detained **without notice, hearing, or individualized findings**. His detention therefore fails to serve any legitimate statutory or constitutional purpose.

### CLAIMS FOR RELIEF

## COUNT I — Violation of 8 U.S.C. § 1226(a) and Implementing Regulations and Unlawful Application of § 1231(a)

51.　Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

52.     Petitioner's detention is governed by 8 U.S.C. § 1226(a), which authorizes the arrest and detention of noncitizens *pending a decision on whether they are to be removed from the United States.* Section 1226(a) expressly provides for release on bond or conditional parole following an individualized custody determination.

53.     The implementing regulations likewise require that DHS make an initial custody decision and that the detainee be afforded access to a bond redetermination hearing before an Immigration Judge. See 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

54.     Despite these statutory and regulatory mandates, ICE revoked Petitioner's parole and detained him without any individualized determination of necessity and without affording him access to an Immigration Judge bond hearing.

55.     This failure to provide individualized custody review, to consider less-restrictive alternatives, or to explain the basis for detention violates both § 1226(a) and its implementing regulations.

56.     Although 8 U.S.C. § 1231(a) authorizes limited detention *after* a final order of removal, Petitioner has no such order.  His detention therefore falls exclusively under § 1226(a), which governs pre-final-order custody and requires individualized, reviewable custody determinations—not indefinite administrative confinement.

57.     To the extent Respondents purport to rely on § 1231(a), that reliance is unlawful and premature. Post-order detention authority arises only once a removal order becomes administratively final. See 8 U.S.C. § 1231(a)(1)(B). It cannot be invoked to detain a person whose removal is neither ordered nor reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

14

58. Because Petitioner's removal is not reasonably foreseeable and no final order exists, his continued confinement serves no statutory purpose and is not authorized under either § 1226(a) or § 1231(a).

59. Respondents' actions are therefore  ultra vires, unlawful, and contrary to the governing statutes and regulations.

## COUNT II — Procedural Due Process (Fifth Amendment)

60. Petitioner re-alleges and incorporates by reference all preceding paragraphs.

61. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." *U.S. Const. amend. V.*

62. Petitioner has been detained for more than ten days without notice, hearing, or an individualized custody determination. He has never been found to present a danger or flight risk.

63. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), due process requires that the procedures used to deprive liberty be sufficient to prevent erroneous detention. The private interest in freedom from confinement stands at the core of constitutional protection, while the government's burden of providing a bond hearing is minimal.

64. The Third Circuit has held that when due process requires a bond hearing, the Government bears the burden to justify detention by clear and convincing evidence and the adjudicator must consider less-restrictive alternatives. See *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020); *Gayle v. Warden Monmouth Cty. Corr. Facility*, 12 F.4th 321, 331–33 (3d Cir. 2021).

15

65.    Detaining Petitioner—who has no criminal record, strong family and community ties, and a pending I-130/I-485 adjustment application—without providing these procedural protections constitutes a violation of procedural due process.

66.    Due process therefore requires an immediate custody redetermination hearing at which (a) the Government bears the burden to establish danger or flight risk by clear and convincing evidence; and (b) the adjudicator must consider reasonable alternatives to detention.

### COUNT III — Substantive Due Process (Fifth Amendment)

67.    Petitioner re-alleges and incorporates by reference all preceding paragraphs.

68.    Civil immigration detention must be reasonably related to the purposes of preventing flight or protecting the community, and may not be punitive. *Demore v. Kim*, 538 U.S. 510, 528 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

69.    Petitioner has no criminal history, has complied fully with every ICE supervision requirement for over three years, and has a pending, bona fide application for lawful permanent residence through his U.S.-citizen spouse.

70.    Detention under these circumstances serves no legitimate governmental purpose. It is not necessary to ensure appearance or protect public safety, and thus is excessive in relation to its purpose.

71.    When civil detention ceases to be narrowly tailored to legitimate ends and becomes arbitrary or punitive, it violates substantive due process. See *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); *Zadvydas*, 533 U.S. at 690–91.

16

72.     Petitioner's confinement—without evidence of danger, risk of flight, or imminent removal—has crossed that constitutional line and therefore violates the Fifth Amendment's guarantee of substantive due process.

## COUNT IV — Administrative Procedure Act (5 U.S.C. § 706(2))

73.     Petitioner re-alleges and incorporates by reference all preceding paragraphs.

74.     If Respondents assert that Petitioner's custody arises under 8 U.S.C. § 1225(b)(2) rather than § 1226(a), that interpretation is contrary to law. Section 1225(b)(2) applies to individuals "seeking admission" at a border or port of entry—not to those, like Petitioner, who have resided for years in the United States, were previously paroled, and are pursuing lawful permanent residence.

75.     Applying § 1225(b)(2) to such interior arrests contradicts the statute's text, structure, and decades of agency practice, as recognized in *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

76.     Even if *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), could be read to extend § 1225(b)(2) to certain long-term residents, that interpretation raises serious constitutional questions and should be rejected under the canon of constitutional avoidance. See *Clark v. Martinez*, 543 U.S. 371, 381–82 (2005).

77.     Respondents' reliance on § 1225(b)(2), if asserted, is arbitrary, capricious, and contrary to law, and therefore violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

17

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter pursuant to 28 U.S.C. § 2241 and Article I, § 9, cl. 2 of the U.S. Constitution;

(2)    Declare that Petitioner's ongoing detention violates 8 U.S.C. § 1226(a), its regulations, and the Fifth Amendment's Due Process Clause;

(3)    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or in the alternative, to provide a prompt individualized bond hearing at which the Government bears the burden by clear and convincing evidence and the adjudicator must consider less-restrictive alternatives;

(4)    Award Petitioner attorney's fees and costs under the the Equal Access to Justice Act;  5 U.S.C. § 504 and 28 U.S.C. § 2412; and on any other basis justified under law; and

(5)    Grant any such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 29, 2025                VASSOR LAW, LLC.

<u>/s/ Dean Vassor</u>
BY:  DEAN E. VASSOR
        *Counsel for Petitioner*

18

## LIST OF EXHIBITS

1. EXHIBIT A …..Notice to Appear
2. EXHIBIT B …..ICE Inmate Locator
3. EXHIBIT C …. Marriage Certificate of Elibet Marie Ortiz Seda (July 12, 2023)
4. EXHIBIT D …..Letter of Support from Ms.Karla Pina Rivera (Community Member)
5. EXHIBIT E: …..Letter of Support from Ms. Michele Lebron Diaz (Wife of a Longterm Friend)
6. EXHIBIT F …..Letter of Support from Mr. Jeremy Shaffer (Long term family friend)
7. EXHIBIT G …..Letter of Support from Mr. Elmer Ortiz (Father of wife Elibet Marie Ortiz)
8. EXHIBIT H ….Paystubs from Wife Elibet (Long term family friend)
9. EXHIBIT I …..Letter of Support from Mr. Kristin Dayane Ortiz Seda (Sister in Law to Respondent)
10. EXHIBIT J…..Form I-1130 Receipt Notice (Petition for ALien Relative, filed by U.S, citizen Spouse
11. EXHIBIT K …..Letter of Support from Ms. Chelsey Houseknect (Employer of Respondent)

**EXHIBIT A**

Uploaded on: 9/23/2022 at 9:21:10 a.m. (Eastern Daylight Time) Base City: BOS

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

| | | |
|---|---|---|
| Subject ID:379864038 | FINS #:1326044556 | File No: A240 622 634 |
| | DOB: 01/12/1990 | Event No:YU82209000552 |

In the Matter of:

Respondent:    DANIEL   JIMENEZ DE LOS SANTOS    currently residing at:

55 BROAD ST APT 11 LYNN, MASSACHUSETTS. 01902

_____    _____

(Number, street, city, state and ZIP code)             (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of DOMINICAN REPUBLIC and a citizen of DOMINICAN REPUBLIC ;
3. You arrived in the United States at or near SAN LUIS, AZ , on or about September 9, 2022 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

JFK FEDERAL BLDG ROOM 320  BOSTON MA US 022030002

(Complete Address of Immigration Court, including Room Number, if any)

on November 04, 2022 at 08:00 AM to show why you should not be removed from the United States based on the
   (Date)        (Time)

charge(s) set forth above.    ANTHONY WILLIAMS      ANTHONY J WILLIAMS

Acting/P[...] Charge
(Signature and Title of Issuing Officer) (Sign in ink)

Date: September 10, 2022          Casa Grande, Arizona

(City and State)

DHS Form I-862 (2/20)                                 Page 1 of 3

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/I-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the Internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

| | |
|---|---|
| Before: | *Daniel Lung* |
| JEFFREY R SHAW<br>Date: 2022.09.10 19:13.57 -07'00<br>1321171867.CBP | (Signature of Respondent) (Sign in ink) |
| BORDER PATROL AGENT | Date: 09/10/2022 |
| (Signature and Title of Immigration Officer) (Sign in ink) | |

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on September 10, 2022, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # _____ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ____ SPANISH ____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

| | |
|---|---|
| *Daniel L* | JEFFREY R SHAW<br>JEFFREY SHAW, BORDER PATROL AGENT<br>Date: 2022.09.10 10:13:59 -07'00 |
| (Signature of Respondent if Personally Served) (Sign in ink) | (Signature and Title of officer) (Sign in ink) |

**EXHIBIT B**

## DANIEL JIMENEZ DE LOS SANTOS

**Country of Birth** : Dominican Republic

**A-Number:** 240622634

**Status** : In ICE Custody

**State:** PA

**Current Detention Facility**: MOSHANNON VALLEY ICE PROCESSING CENTER

**EXHIBIT C**

# Commonwealth of Pennsylvania } ss

# Northumberland County

I, Christine A. Mertz, Clerk of the Courts of Common Pleas, Orphans' Court Division

in and for the County of Northumberland, Commonwealth of Pennsylvania, being the Legal

custodian of the marriage records of said County, do hereby certify that on July 1, 2023 a

Marriage License was issued for the marriage

of  Elibet Marie Ortiz Seda , Age - 31 - Teacher

and  Daniel Jimenez De Los Santos, Age - 33 - Announcer

I further certify that on July 17, 2023 Duplicate Certificate signed by MJD John

Gembic was Received and Filed, certifying to the solemnization of said marriage at

Shamokin , Pennsylvania on July 12, 2023.

IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed the
official seal of the Clerk of the Orphans'
Court at Sunbury, Pennsylvania this 17th
day of July A. D. 2023

Clerk of the Court of Common Pleas,
Orphans' Court Division.

Book #    Page #    License #  104707

**EXHIBIT D**

Scranton, PA


10/19/2025


To whom it may concern:


I, Karla Pina Rivera, hereby wish to express my support and recommendation for Daniel Jiménez De los Santos, who is currently in ICE custody and has a pending immigration case filed by his wife, Elibet Marie Jiménez.


I have known Daniel Jiménez De los Santos and his wife for approximately two years, during which time we have shared various family and personal moments. I have witnessed the genuine, stable, and loving relationship they maintain. They are a committed couple, with a real bond based on respect, affection, and the desire to build a life together in this country.


Daniel Jiménez De los Santos has always shown himself to be a hardworking, honest, and dedicated person. Before his arrest, he constantly strived to provide and maintain a stable home with his wife. I know that his absence has affected his family emotionally and financially, so we sincerely hope that the authorities will consider his good moral character and the legitimacy of his relationship when reviewing his case.


I firmly believe that Daniel Jiménez De los Santos deserves the opportunity to continue his life in freedom with his wife, contributing positively to the community and demonstrating the values that have always characterized him.

We thank you in advance for your attention to this letter and remain available for any additional information you may require.

Sincerely,

Karla Pina

5707023359

1015 Marion st Scranton Pa 18509

karlapina0717@gmail.com



**EXHIBIT E**

October 19, 2025

To whom it may concern:

I Michelle Gibson, hereby give full knowledge that I have known Mr. Daniel Jimenes de los Santos for the past two years. Since I met him Mr. Daniel has proven to be a responsable and hardworking. He resides at 152 Orange St, Northumberland PA 17857. He lines with his wife Elibet Marie Jimene and his two stepson, Kesiello Seda and Keynieliz Seda, both minor. I hereby certify that I have known Mr. Daniel through my husband, as they have both been very good friends for many years; for this reason we have created a strong and solid friendship and we always share as a family in the especial events of both family thanks to the bond we have.

att

Michelle Gibson

Case 3:25-cv-00390-SLH-MPK    Document 1    Filed 10/29/25    Page 32 of 54



**EXHIBIT F**

Jeremy Shaffer
114 Broadway St.
Turbot Ville, PA 17772
570-238-1820
October 21, 2025

To whom it may concern:

It is my pleasure to write this letter to attest that I know Daniel Jimenez De Los Santos and his wife Elibet Marie Jimenez, who live at the following address: 152 Orange St. Northumberland PA 17857. My name is Jeremy Shaffer, and I have had the pleasure of knowing Daniel and Elibet for almost three years, in my capacity as a family friend. We have shared birthdays, Thanksgiving, Christmas, among other activities together.

Daniel is an exceptional person: responsible, hardworking, humble, a person with unparalleled values. He is an incredible human being, which makes him stand out among those around him. An excellent father, even though Elibet's children, Kenielle and Keynieliz, are not his biological children, he treats them as if they were, and to me, that is worth more than anything else.

I have no doubt that Daniel will be a valuable addition in any environment. I am available to provide further details at 570-238-1820.

Sincerely,

Jeremy Shaffer



SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

PASSPORT
PASSEPORT / PASAPORTE

THE UNITED STATES OF AMERICA

USA

Type/Type/Tipo
P

Code/Code/Código
USA

Passport No./No. du Passeport/No. de Pasaporte
A49227233

Surname/Nom/Apellidos
SHAFFER

Given names/Prénoms/Nombres
JEREMY THEODORE

Nationality/Nationalité/Nacionalidad
UNITED STATES OF AMERICA

Date of birth/Date de naissance/Fecha de nacimiento
02 MAY 1983

Sex/Sexe/Sexo
M

Place of birth/Lieu de naissance/Lugar de nacimiento
PENNSYLVANIA, U.S.A.

Date of issue/Date de délivrance/Fecha de expedición
26 DEC 2024

Date of expiration/Date d'expiration/Fecha de caducidad
25 DEC 2034

Authority/Autorité/Autoridad
UNITED STATES DEPARTMENT OF STATE

P<USASHAFFER<<JEREMY<THEODORE<<<<<<<<<<<<<<<<
A4922723 34USA8305022M3411225958220 <795622

**EXHIBIT G**

October 19, 2025

To whom it may concern:

I, Elmer Ortiz, an American citizen born and living in the commonwealth of Puerto Rico, father of Elibet Marie Jimenez, wish to certify that I personally know her husband, Daniel Jimenez, as a humble and impeccable person. Daniel has a great heart, is a responsible and punctual citizen, and an excellent stepfather to my grandsons Kenielle Seda and Keynieliz Seda. I have personally seen how he's a caring and loving figure in my daughter's life, and how much he has improved their lives.

Elmer Ortiz



**EXHIBIT H**

**#4180 - ELIBET M. JIMENEZ** Voucher #(88463)
Admin/Purchasing/Parts Clerk
Pay Date: 08/22/2025
Pay Period: 08/10/2025-08/16/2025

**Earnings**

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Sick Wages | | | | [illegible] |
| Holiday | | | | 310.40 |
| OT-Admin | | | | 304.71 |
| REG-CLERI | 19.40 | 31:10 | 604.63 | 22,310.40 |
| Referral Bonus | | | | 300.00 |
| Sign-On Bon | | | | 1,500.00 |
| Gross Pay | | | 604.63 | [illegible] |

**Deductions**

| | Current | YTD |
|---|---|---|
| Dental Ins | 14.82 | [illegible] |
| Garnishment | 15.57 | 71.00 |
| Misc | | -4.00 |
| Vision Ins | 2.41 | 57.84 |
| Total | 32.80 | 478.72 |

**Taxes Withheld**

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 587.40 | 24,683.32 | | 91.81 |
| FICA | 587.40 | 24,683.32 | 36.41 | 1,530.30 |
| MEDI | 587.40 | 24,683.32 | 8.51 | 357.89 |
| SIT:PA | 587.40 | 24,683.32 | 18.03 | 757.76 |
| SUI:PA | 604.63 | 25,[illegible] | 0.42 | 17.57 |
| Comm. Tax | 587.40 | 24,683.32 | 8.52 | 357.90 |
| Comm. Tax | 587.40 | 24,683.32 | | 10.00 |
| Total | | | 71.89 | [illegible] |

| | Current | YTD |
|---|---|---|
| Net Pay | 499.94 | 21,493.90 |
| Check | 0.00 | 1,487.37 |
| Wells Fargo (5987) | 499.94 | 20,006.53 |

**Company Paid Benefits**

| | Current | YTD |
|---|---|---|
| FUTA | | 42.00 |
| FICA | 36.41 | 1,530.30 |
| MEDI | 8.51 | 357.89 |
| SUTA:PA | | 283.34 |
| Total | 44.92 | 2,214.[illegible] |

**Timesheet**

| | Time Off | In | Out | Total |
|---|---|---|---|---|
| Mon, 08/11/2025 | | 08:07a | 03:45p | 7:38 |
| Wed, 08/13/2025 | | 07:00a | 03:32p | 8:02 |
| Thu, 08/14/2025 | | 07:00a | 03:37p | 8:04 |
| Fri, 08/15/2025 | | 07:00a | 03:31p | 7:59 |

1 Reduces your Federal Withholding, OASDI & Medicare Taxable Wage
2 For information purposes only. No effect on your net pay

NICHOLAS MEAT LLC 508 EAST VALLEY ROAD, Loganton, PA 17747 1 of 1

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

NICHOLAS MEAT LLC
508 EAST VALLEY ROAD
Loganton, PA 17747

Pay Date: 08/22/2025
Voucher #: (88463)

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXXX5987 | 031000503 | 499.94 |

Admin/Purchasing/Parts Clerk 4180 [illegible] (88463)

ELIBET M. JIMENEZ
152 ORANGE ST
Northumberland, PA 17857

Non-Negotiable - This Is Not A Check

84100 - ELIBET M. JIMENEZ
Admin/Purchasing/Parts Clerk

Voucher #(84291)

Pay Date: 05/23/2025
Pay Period: 05/11/2025-05/17/2025

### Earnings

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Back Wages | | | 34.29 | 237.66 |
| OT-Admin | | | 140.00 | |
| REG-CLERI | 18.49 | 31:48 | 616.93 | 14,397.80 |
| Sign-On Bon | | | | 1,500.00 |
| **Gross Pay** | | | 651.22 | 26,140.05 |

### Company Paid Benefits

| | Current | YTD |
|---|---|---|
| | | 42.00 |
| FUTA | 38.40 | 991.60 |
| FICA | 9.00 | 231.91 |
| MED | | 293.94 |
| SUTA:PA | | |
| **Total** | 47.34 | 1,849.28 |

### Deductions

| | Current | YTD |
|---|---|---|
| Dental Ins | 14.82 | 163.68 |
| Meal | -5.00 | |
| Vision Ins | 2.41 | 26.51 |
| **Total** | 17.23 | 185.37 |

### Timesheet

| Time Off | In | Out | Total |
|---|---|---|---|
| Tue, 05/13/2025 | 07:05a | 03:37p | 8:02 |
| Wed, 05/14/2025 | 07:00a | 03:34p | 7:36 |
| Thu, 05/15/2025 | 06:00a | 02:33p | 8:04 |
| Fri, 05/16/2025 | 06:00a | 02:10p | 7:46 |

### Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 623.94 | 15,995.53 | | 91.81 |
| FICA | 623.94 | 15,995.53 | 38.69 | 991.60 |
| MED | 623.94 | 15,995.53 | 9.05 | 231.91 |
| SIT:PA | 623.94 | 15,995.53 | 19.13 | 491.80 |
| SUI:PA | 641.17 | 16,183.86 | 0.45 | 11.34 |
| Comm, Twp | 623.94 | 15,995.53 | 9.05 | 231.91 |
| Comm, Twp | 623.94 | 15,995.53 | | 10.00 |
| **Total** | | | 76.29 | 2,060.97 |

| **Net Pay** | | 547.55 | 13,939.76 |
|---|---|---|---|
| Check | | 0.00 | 1,204.00 |
| Wells Fargo (7987) | | 547.55 | 23,218.17 |

### Information & Announcements

2/9: Incorrect start time

1    Reduces your Federal Withholding, OASDI & Medicare Taxable Wage
2    For information purposes only. No effect on your net pay

NICHOLAS MEAT LLC 308 EAST VALLEY ROAD, Loganton, PA 17747

1 of 1

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

NICHOLAS MEAT LLC
308 EAST VALLEY ROAD
Loganton, PA 17747

| Pay Date: | 05/23/2025 |
|---|---|
| Voucher #: | (84291) |

Deposited To The Account(s) Of

| | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXXX987 | 031000503 | 547.55 |

Admin/Purchasing/Parts Clerk   4100  05/23/2025  (84291)

ELIBET M. JIMENEZ
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**



04100 - ELIBET M JIMENEZ          Voucher #(82000)                    Pay Date: 04/18/2025
Admin/Purchasing/Parts Clerk                                          Pay Period: 04/06/2025-04/12/2025

| Earnings | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Reg Wages | | | | |
| OT Wages | | | | |
| REG CLERK | | | 731.06 | 10,445.01 |
| Vacation Hrs | | | | 1,589.00 |
| **Gross Pay** | | | **731.06** | **12,464.01** |

| Company Paid Benefits | | Current | YTD |
|---|---|---|---|
| FUTA | | | |
| FICA | | 44.26 | |
| MEDI | | | |
| SUT & PA | | | |
| **Total** | | **56.61** | **1,273.01** |

| Deductions | | Current | YTD |
|---|---|---|---|
| Dental Ins | | 14.92 | 88.92 |
| Med | | | |
| Vision Ins | | 2.41 | 14.46 |
| **Total** | | **17.23** | **36.76** |

| Timecard | Time Out | In | Out | Total |
|---|---|---|---|---|
| Mon 04/07/2025 | | | | |
| Tue 04/08/2025 | | | | |
| Wed 04/09/2025 | | | | |
| Thu 04/10/2025 | | | | |
| Fri 04/11/2025 | | | | |

| Taxes Withheld | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 713.83 | 12,391.55 | | |
| FICA | 713.83 | 12,391.55 | 44.26 | 767.14 |
| MEDI | 713.83 | 12,391.55 | 10.35 | 179.13 |
| SITPA | 713.83 | 12,391.55 | 21.91 | 380.11 |
| SUIPA | 731.06 | 12,464.01 | 0.51 | 8.54 |
| Ocupa Tax | 713.83 | 12,391.55 | 10.35 | 179.51 |
| Ocupa Tax | 713.83 | 12,391.55 | | 10.00 |
| **Total** | | | **87.38** | **1,617.38** |

| Net Pay | | 626.45 | 10,833.79 |
|---|---|---|---|
| Check | | 0.00 | 1,224.50 |
| Wells Fargo (3987) | | 626.45 | 9,617.29 |

NICHOLAS MEAT LLC 508 EAST VALLEY ROAD Loganton PA 17747

▼ **REMOVE DOCUMENT ALONG THIS PERFORATION** ▼

NICHOLAS MEAT LLC'
508 EAST VALLEY ROAD
Loganton, PA 17747

| Pay Date: | 04/18/2025 |
|---|---|
| Voucher #: | (82000) |

Deposited To The Account(s) Of

| Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|
| 1 | Checking | XXX XXX 3987 | 21 (091803) | 626.45 |

ELIBET M JIMENEZ

Admin/Purchasing/Parts Clerk  4100  04/18/2025  (82000)

**ELIBET M. JIMENEZ**
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**



**84180 - ELIBET M. JIMENEZ**
Admin/Purchasing/Parts Clerk

Voucher #(00022)

Pay Date: 08/29/2025
Pay Period: 08/17/2025-08/23/2025

### Earnings

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Base Wage | | | | 298.20 |
| Holiday | | | | 510.60 |
| O.T. Admin | | | | 506.71 |
| REG-CLERK | 19.81 | 37.00 | 733.64 | 23,044.11 |
| Referral Bonus | | | | 500.00 |
| Sign-On Bonus | | | | 6,500.00 |
| **Gross Pay** | | | **733.64** | **30,820.40** |

### Deductions

| | Current | YTD |
|---|---|---|
| Dental Ins | 14.82 | 370.90 |
| Garnishment | | 71.00 |
| Meal | | 9.00 |
| Vision Ins | 2.41 | 60.19 |
| **Total** | **17.23** | **498.88** |

### Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 716.41 | 25,398.13 | | 91.04 |
| FICA | 716.41 | 25,398.73 | 44.42 | 1,574.92 |
| MEDI | 716.41 | 25,398.73 | 10.39 | 368.26 |
| SITPA | 716.41 | 25,398.73 | 21.00 | 779.73 |
| SUIPA | 733.64 | 23,820.40 | 0.51 | 18.00 |
| Gruntc. Tax | 716.41 | 25,398.73 | 10.39 | 368.26 |
| Gruntc. Tax | 716.41 | 25,398.73 | | 10.10 |
| **Total** | | | **87.70** | **3,110.92** |

### Net Pay

| | Current | YTD |
|---|---|---|
| | 628.71 | 22,022.61 |
| Check | 0.00 | 1,487.87 |
| Wells Fargo (3987) | 628.71 | 20,634.74 |

### Company Paid Benefits

| | Current | YTD |
|---|---|---|
| | | 42.49 |
| FICA | 44.42 | 1,574.92 |
| FICA | 10.39 | 368.10 |
| MEDI | | 293.64 |
| SUTA PA | | |
| **Total** | **54.81** | **2,368.04** |

### Timecard

| | Time Off | In | Out | Total |
|---|---|---|---|---|
| Mon, 08/18/2025 | | 02.07a | 07.44p | 8.03 |
| Tue, 08/19/2025 | | 07.04a | 03.33p | 8.02 |
| Wed, 08/20/2025 | | 06.02a | 02.37p | 6.05 |
| Thu, 08/21/2025 | | 09.20a | 03.31p | 5.41 |
| Fri, 08/22/2025 | | 07.02a | 01.31p | 1.56 |

NICHOLAS MEAT LLC 500 EAST VALLEY ROAD, Loganton, PA 17747

▼ **REMOVE** DOCUMENT ALONG THIS PERFORATION ▼

**NICHOLAS MEAT LLC**
500 EAST VALLEY ROAD
Loganton, PA 17747

| Pay Date: | 08/29/2025 |
|---|---|
| Voucher #: | (#9022) |

**Deposited To The Account(s) Of**

| | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXXX9887 | 031000503 | 628.71 |

Admin/Purchasing/Parts Clerk  84180  08/29/2025  (#9022)

**ELIBET M. JIMENEZ**
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**

Case 3:25-cv-00390-SLH-MPK   Document 1   Filed 10/29/25   Page 45 of 54



NICHOLAS MEAT LLC 508 EAST VALLEY ROAD, Loganton, PA 17747

▼ **REMOVE DOCUMENT** ALONG THIS PERFORATION ▼

**NICHOLAS MEAT LLC**
**508 EAST VALLEY ROAD**
Loganton, PA 17747

| Pay Date: | 09/20/2025 |
| Voucher #: | 0901673 |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXX3987 | 011000503 | 527.13 |

Admin/Purchasing/Parts Clerk 4180  09/06/2025  (0901673)

**ELIBET M. JIMENEZ**
**152 ORANGE ST**
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**



| 64180 - ELIBET M. JIMENEZ | | | | | Voucher #(98167) | | Pay Date: 09/26/2025 | |
| Admin/Purchasing/Parts Clerk | | | | | | | Pay Period: 09/14/2025-09/20/2025 | |

**Earnings**

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Base Wages | | | | 290.34 |
| Holiday | | | | 310.40 |
| OT-Admin | | | | 384.71 |
| RBO-CLERI | 19.40 | 31:31 | 617.89 | 25,364.85 |
| Referral Bonus | | | | 300.00 |
| Sign-On Bon | | | | 1,300.00 |
| **Gross Pay** | | | **617.89** | **28,149.48** |

**Deductions**

| | | | Current | YTD |
|---|---|---|---|---|
| Dental Ins | | | 14.82 | 428.78 |
| Guardian | | | | 71.80 |
| Meat | | | | -5.00 |
| Vision Ins | | | 2.41 | 69.89 |
| **Total** | | | **17.23** | **564.87** |

**Taxes Withheld**

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 600.66 | 27,648.73 | | 91.81 |
| FICA | 600.66 | 27,648.73 | 37.24 | 1,714.28 |
| MEDI | 600.66 | 27,648.73 | 8.71 | 400.92 |
| SIT:PA | 600.66 | 27,648.73 | 18.44 | 848.83 |
| SUI:PA | 617.89 | 28,148.49 | 0.43 | 19.71 |
| Custom, Tow | 600.66 | 27,648.73 | 8.71 | 400.92 |
| Custom, Tow | 600.66 | 27,648.73 | | 10.00 |
| **Total** | | | **~73.53** | **3,486.49** |

| **Net Pay** | | | **527.13** | **24,898.04** |
| Check | | | 0.00 | 1,469.87 |
| Wells Fargo (9887) | | | 527.13 | 23,428.17 |

**Company Paid Benefits**

| | Current | YTD |
|---|---|---|
| FUTA | | 42.00 |
| FICA | 37.24 | 1,714.28 |
| MEDI | 8.71 | 400.92 |
| SUTA:PA | | 283.84 |
| **Total** | **45.95** | **2,441.04** |

**Timesheet**

| | Time Off | In | Out | Total |
|---|---|---|---|---|
| Mon, 09/15/2025 | | 07:04a | 03:37p | 8:00 |
| Tue, 09/16/2025 | | 07:00a | 03:13p | 8:00 |
| Wed, 09/17/2025 | | 07:03a | 02:28p | 7:35 |
| Fri, 09/19/2025 | | 07:06a | 03:29p | 7:53 |

1  Reduces your Federal Withholding, OASDI & Medicare Taxable Wage

2  For information purposes only. No effect on your net pay.

NICHOLAS MEAT LLC 508 EAST VALLEY ROAD, Loganton, PA 17747                    1 of 1

▼ **REMOVE DOCUMENT ALONG THIS PERFORATION** ▼

---

**NICHOLAS MEAT LLC**
**508 EAST VALLEY ROAD**
Loganton, PA 17747

| Pay Date: | 09/26/2025 |
|---|---|
| Voucher #: | (98167) |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXXX967 | 031800503 | 527.13 |

Admin/Purchasing/Parts Clerk  64180  09/26/2025  (98167)

**ELIBET M. JIMENEZ**
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**



NICHOLAS MEAT LLC 508 EAST VALLEY ROAD Loganton, PA 17747

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

**NICHOLAS MEAT LLC**
508 EAST VALLEY ROAD
Loganton, PA 17747

| | |
|---|---|
| Pay Date: | 10/09/2025 |
| Voucher #: | (90454) |

| Deposited To The Account of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXXX951 | 031000503 | 957.74 |

Admin/Purchasing/Parts Clerk  4100  60493029  90454

ELIBET M. JIMENEZ
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**

Case 3:25-cv-00390-SLH-MPK    Document 1    Filed 10/29/25    Page 48 of 54

#4199 - ELIBET M. JIMENEZ
Admin/Purchasing/Parts Clerk

Voucher #(00873)

Pay Date: 09/19/2025
Pay Period: 09/07/2025-09/13/2025

### Earnings

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Back Wages | | | | 298.24 |
| Holiday | | | | 516.40 |
| OT-Admin | | | | 194.71 |
| Reg(Admin) | 19.61 | | 768.24 | 24,766.36 |
| Refund Bonus | | | | 500.00 |
| Sign On Bon | | | | 1,500.00 |
| **Gross Pay** | | | 768.24 | 27,835.91 |

### Deductions

| | Current | YTD |
|---|---|---|
| Dental Ins | 14.82 | 414.96 |
| Garnishment | | 71.00 |
| Meat | | 5.30 |
| Vision Ins | 2.41 | 67.44 |
| **Total** | 17.23 | 567.64 |

### Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 751.01 | 27,049.07 | | 91.83 |
| FICA | 751.01 | 27,049.07 | 46.56 | 1,677.04 |
| MEDI | 751.01 | 27,049.07 | 10.89 | 392.31 |
| SIT-PA | 751.01 | 27,049.07 | 23.06 | 830.41 |
| SUI-PA | 768.24 | 27,531.51 | 0.54 | 19.29 |
| Osten, Tax | 751.01 | 27,049.07 | 16.84 | 192.23 |
| Osten, Tax | 751.01 | 27,049.07 | | 00.00 |
| **Total** | | | 100.66 | 3,672.96 |

### Net Pay

| | Current | YTD |
|---|---|---|
| **Net Pay** | 650.07 | 23,570.91 |
| Cash | 0.00 | 1,465.07 |
| Wells Fargo (987) | 650.07 | 22,053.84 |

### Taxes Paid Results

| | Current | YTD |
|---|---|---|
| FUTA | | 42.72 |
| FICA | 46.56 | 1,671.04 |
| MEDI | 10.89 | 392.21 |
| SUTA-PA | | 202.84 |
| **Total** | 57.45 | 2,308.80 |

### Timesheet

| Time Off | In | Out | Total |
|---|---|---|---|
| Mon, 09-08-2025 | 07:01a | 03:30p | 7.30 |
| Tue, 09-09-2025 | 07:01a | 03:55p | 7.56 |
| Wed, 09-10-2025 | 07:01a | 03:55p | 8.07 |
| Thu, 09-11-2025 | 07:01a | 03:37p | 7.56 |
| Fri, 09-12-2025 | 07:30a | 03:52p | 7.42 |

NICHOLAS MEAT LLC 508 EAST VALLEY ROAD Loganton, PA 17747

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

NICHOLAS MEAT LLC
508 EAST VALLEY ROAD
Loganton, PA 17747

Pay Date: 09/19/2025

Voucher #: (00873)

Deposited To The Account(s) Of

| | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| ELIBET M. JIMENEZ | 1 | Checking | XXXXXX987 | 031000503 | 650.07 |

Admin/Purchasing/Parts Clerk #299 09/19/2025 (00873)

**ELIBET M. JIMENEZ**
152 ORANGE ST
Northumberland, PA 17857

**Non-Negotiable - This Is Not A Check**

**EXHIBIT I**

Case 3:25-cv-00390-SLH-MPK    Document 1    Filed 10/29/25    Page 50 of 54

Kristin Dayane Ortiz Seda
Ortiz.kristin747@gmail.com
787-317-8256
October 22, 2025

To whom it may concern:

I, Kristin Dayane Ortiz Seda, an American Citizen of the United States of America, who resides in the town of Cabo Rojo, Puerto Rico, want to put in writing that I know Daniel Jimenez De Los Santos, as he is my brother-in-law. I am the sister of Elibet Marie Jimenez, and I can attest that Daniel has been a good husband, father, and friend. I have had the opportunity to travel to Pennsylvania on two occasions, and it has been a pleasure for me to know him.

He is an exceptional person, with good manners, helpful, and very attentive to me and my family. Daniel has earned the affection of all of us because of his personality. He is a hardworking, humble man with very good values. He deserves the opportunity to continue his future in the United States, as it also involves the future of my sister and my nephews. My sister is currently living alone with my nephews, who are still minors, and she has no one else in the country where she lives since we are in Puerto Rico. Her only support is Daniel, who since meeting Elibet and her children has dedicated all his love to them.

Without anything more to add, I am at your full disposal to answer any doubts or questions.

Sincerely,



Kristin Dayane Ortiz Seda



**GOVERNMENT OF PUERTO RICO**

## DEPARTAMENTO DE SALUD - REGISTRO DEMOGRAFICO
(DEPARTMENT OF HEALTH · DEMOGRAPHIC REGISTRY)

### CERTIFICADO DE NACIMIENTO
(CERTIFICATE OF BIRTH)

NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)
152-1994-00258-006389-164073-04777019

NOMBRE DEL INSCRITO (NAME OF REGISTRANT)
KRISTIN DAYANE ORTIZ SEDA

DOMICILIO (DWELLING HOUSE)
CABO ROJO, PUERTO RICO

FECHA NACIMIENTO (BIRTHDATE)      FECHA INSCRIPCION (REGISTRATION DATE)
08 FEB 1994                       14 FEB 1994

LUGAR NACIMIENTO (BIRTHPLACE)                    SEXO (SEX)
MAYAGUEZ, PUERTO RICO                            F

NOMBRE DEL PADRE (FATHER'S NAME)                 EDAD (AGE)
ELMER ORTIZ                                      22

LUGAR NACIMIENTO DEL PADRE (FATHER'S BIRTHPLACE)
MAYAGUEZ, PUERTO RICO

NOMBRE DE LA MADRE (MOTHER'S NAME)               EDAD (AGE)
BETSY SEDA                                       20

LUGAR NACIMIENTO DE LA MADRE (MOTHER'S BIRTHPLACE)
LAJAS, PUERTO RICO

FECHA EXPEDICION (DATE ISSUED)
02 MAY 2012

*********************************************************

ESTE ES UN ABSTRACTO DEL CERTIFICADO DE NACIMIENTO OFICIALMENTE INSCRITO EN EL REGISTRO DEMOGRAFICO DE PUERTO RICO BAJO LA AUTORIDAD CONFERIDA POR LA LEY 94 DEL 22 DE ABRIL DE 1931

THIS IS AN ABSTRACT OF THE BIRTH CERTIFICATE FILED WITH THE DEMOGRAPHIC REGISTRY OF PUERTO RICO ISSUED UNDER THE AUTHORITY OF LAW 24, APRIL 22, 1931

SECRETARIO DE SALUD
(SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO
(STATE REGISTRAR)

**DEPARTAMENTO DE SALUD**
GOBIERNO DE PUERTO RICO

ADVERTENCIA/WARNING: No es válido sin la presencia de la Marca de Agua
Not valid without seen Watermark
Cualquier alteración o borradura cancela ésta Certificación
Void if altered or Erased

NUMERO D4133186

# I-130, Petition for Alien Relative

**Submitted on** October 21, 2023
**Receipt #** IOE9382305304
Download PDF ▼

## Sections

### myProgress ▾

ℹ️ We updated how we display
information about case estimates
on the myProgress tab. ✕

🕐 Estimated time until your case decision: ❓

**2 Months**

This is an estimate and will be periodically updated as we
process your case.

ℹ️ In some cases, a biometrics appointment
and/or an interview will not be necessary.
For more information regarding
biometrics, visit the USCIS biometrics
page.

 Step 1 of 2 (completed):
Case received

 **Step 2 of 2 (current step):**
**Case decision**

Current as of today at 11:08 a.m. EDT

my.uscis.gov

**EXHIBIT K**



STRONG SPAS

To whom it may concern,

Daniel Jimenez De Los Santos has been employed as a Full-Time employee of our company since February 18th, 2025. In the time he has been working with our company, he has only called off one time.

In the time that Daniel has been working with Strong Spas, he has not had any performance issues or write ups, and he is trained in multiple departments within our manufacturing process.

If you have any questions, please contact our Human Resources department at (570) 275-2700 ext. 208.

Thank you,

Chelsey Houseknecht

Strong Spas Human Resources

3204 Point Township Drive
Northumberland, PA 17857
570.275.2700

OZA

Rehabilitación

:tu

lenfucafe

Recionel

peculee

Inclul.

renee

Buenet / Dra. Hdel

diga: 37509

ña Rodríguez, Santo plomingo Norte, R.D.
fo@hhm.gob.do